# CIRCUIT COURT OF THE CITY OF NORFOLK

Jennifer C. Rundle

v.

Anthony Carter
and Hampton Roads
Orthopedics and
Sports Medicine

September 17, 2015

Case No. (Civil) CL14-9423

By Judge Michelle J. Atkins

This matter came before the Court on August 17, 2015, for a hearing on Defendants' Amended Demurrer and Plaintiff's Motion To Quash. The issues before the Court are: (1) whether Plaintiff's Complaint alleged facts sufficient to support a cause of action upon which relief can be granted; (2) whether the Court should grant Plaintiff's Motion To Quash service of this suit on Defendants; and (3) whether Plaintiff has standing to request legal clarification for all future *pro se* plaintiffs in medical malpractice suits. Based on the parties' arguments and relevant authorities, Defendants' Demurrer is hereby sustained, Plaintiff's Motion To Quash is denied, and the Court finds that Plaintiff does not have standing to seek legal clarification from the Court on behalf of all future *pro se* medical malpractice plaintiffs.

*Background*

On December 15, 2014, Plaintiff filed a Complaint against Dr. Anthony Carter and Hampton Roads Orthopedics and Sports Medicine. According to the parties' filings, Plaintiff was a patient of Dr. Carter, a doctor associated

with Hampton Roads Orthopedics and Sports Medicine (hereafter referred to collectively as "Defendants"), from June 10, 2009, until December 13, 2012, for the treatment of her right knee. At the hearing, the Plaintiff stated that, on April 25, 2012, Defendants agreed to perform a partial knee replacement, telling her to call him when she was ready." Plaintiff stated that, because she possessed "excellent health insurance" in 2012 but knew she would be without insurance in 2013, she sought to schedule the procedure that summer. Plaintiff informed the Court that she was in fact without health insurance from 2013 until early 2014 when she acquired insurance under the Affordable Care Act. In August 2012, Plaintiff called Defendants to schedule her surgery and was informed by a receptionist that she was "blocked" from making appointments. Plaintiff stated that, from August to December 2012, she called Defendants five times in attempts to schedule her procedure, and each time was "blocked" from scheduling the appointment.

In December 2012, Plaintiff stated she received a letter from Defendants terminating the physician-patient relationship and telling her to find another doctor. Plaintiff informed the Court that she has since seen several doctors and has had multiple surgeries, but has not had the partial knee replacement she sought from Defendants. The plaintiff stated at the hearing she felt as though the doctors who accepted her insurance did not "seem" knowledgeable about the specific type of partial knee replacement she wanted. Plaintiff stated she would like a Makoplasty — customized implants.

Plaintiff commenced this suit on December 15, 2014. On April 13, 2015, Plaintiff appeared before another Judge of this Court to obtain permission to proceed *in forma pauperis*. Plaintiff's petition was granted. She further states that, at the April 13th hearing, she informed the Court that she did not intend to serve Defendants on this case. On April 21, 2015, Defendants were served with the Complaint. Defendants demurred on May 12, 2015, and filed their Amended Demurrer on June 26, 2015.

*Positions of the Parties*

A. *Complaint*

Plaintiff's Complaint alleges Defendants owed her the duty to provide the least risky, least costly, most efficient, and most effective treatment to address her knee pain. Plaintiff alleges Defendants owed this duty because Carter was a surgeon qualified to perform her surgery, because he told Plaintiff to call when she was ready for the surgery, and because Plaintiff informed Defendants that she would not have insurance after 2012. Plaintiff claims Defendants breached their duties to Plaintiff by (1) "blocking" Plaintiff from scheduling office visits or surgical procedures

as of July 2012; (2) failing to provide medical care to a longtime patient in uninterrupted and timely fashion; (3) deviating from applicable standards of care because, at the time of the alleged breach, it was too late for Plaintiff to begin treatment under another physician and have surgery on her knee under the 2012 insurance; and (4) falsifying their reason for abandoning Plaintiff.

Plaintiff alleges Defendants' breach of duty was the "direct and proximate cause of prolonged pain endured by the Plaintiff from August 2012 to March 2014."

As to damages, Plaintiff's Complaint alleges; (1) pain and suffering; (2) physical impairment and lack of use of her right knee; (3) continued loss of wages; (4) loss of career-esteem; (5) loss of personal self-esteem; (6) loss of wage-earning capacity; (7) loss of quality of life; (8) loss of physical independence; (9) loss of healthy social relationships and romantic interactions; (10) loss of time with family due to inability to travel; (11) loss of financial independence and stability; (12) damage to psychological and emotional well being; (13) medical expenses; (14) legal and professional expenses; (15) mental and emotional anguish.

## B. *Defendants' Demurrer and Amended Demurrer*

On May 12, 2015, Defendants jointly demurred. On June 26, 2015, Defendants filed an amended demurrer. In their demurrer, Defendants argue Plaintiff's claim should be dismissed because: (1) Plaintiff failed to obtain Expert Certification, as required by Va. Code § 8.01-20.1; (2) the Complaint fails to state a claim for relief against Defendants; and (3) Plaintiff has failed to support her claim for punitive damages with factual allegations sufficient to establish that Defendants' conduct was willful or wanton.

## C. *Plaintiff's Response to Defendants' Amended Demurrer*

Plaintiff alleges Defendants "unreasonably" discontinued her health care treatment in violation of the standards of professional medical care, that such termination of care was contrary to her will and without her knowledge, that Defendants failed to arrange for care by another appropriate skilled health care provider until six months after "Patient Abandonment" had occurred, that Defendants should have reasonably foreseen the harm, and that Plaintiff was actually harmed.

## D. *Plaintiff's Motion To Quash*

Plaintiff's Motion To Quash, filed July 16, 2015, seeks to quash service of the Complaint and a summons on Defendants on April 21, 2015. Plaintiff alleges that, during the April 13, 2015, hearing before the Court, she informed the Court that she had not yet obtained the required expert certification and that she did not intend to serve process on the Defendants.

Plaintiff further alleges that, on April 15, 2015, the Court itself requested service of process on both Defendants. In her Amended Motion To Quash, filed on July 20, 2015, Plaintiff argues that she would have obtained the expert certification prior to service of process.

*Legal Standard*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312, 312 (1999). The sole question to be decided by the Court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against Defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 580 S.E.2d 123, 126-27 (2001). On demurrer, the Court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

*Discussion*

The Court has considered the pleadings, oral argument at the August 17, 2015, hearing, and applicable authorities. The Court now rules on Defendants' Demurrer, Plaintiff's Motion To Quash, and Plaintiff's request for legal clarification for all future *pro se* plaintiffs.

A. *Defendants' Demurrer*

Va. Code § 8.01-20.1 requires plaintiffs in medical malpractice suits to obtain, prior to serving defendants, expert certification stating that based upon a reasonable understanding of the facts, the defendants deviated from the applicable standard of care and the deviation was the proximate cause of the injuries claimed. Plaintiffs are only exempt from this requirement where the alleged acts of medical negligence fall within the range of a jury's or factfinder's common knowledge and experience. *Beverly Enterprises – Virginia v. Nichols*, 247 Va. 264, 267, 441 S.E.2d 1, 3 (1994). Failure to comply with the expert certification requirement is grounds for dismissal with prejudice. Va. Code § 8.01-20.1. Given that a jury is unlikely to be equipped with the knowledge necessary to determine whether Defendants' failure to schedule Plaintiff's surgery according to her wishes, Defendants' decision to sever their relationship with Plaintiff, and the necessity of Plaintiff's surgery, comply with or deviate from the applicable standard of care, the Court finds that expert certification was necessary in this case.

In addition to her failure to obtain the statutorily required expert certification, Plaintiff has failed to state a claim against Defendants upon

which relief can be granted. Specifically, Plaintiff has failed to establish in her Complaint, in her Response to Defendants' Demurrer, or at the hearing, the applicable duty which she alleges Defendants breached. As Defendants note in their demurrer, "[t]here are no cases in Virginia that hold a medical professional liable for simply failing to schedule a purely elective procedure as quickly as the patient would like." Although Plaintiff insists she requires a partial knee replacement, she has yet to obtain one in the three intervening years since Defendants began "blocking" her from scheduling appointments. Moreover, while Plaintiff stated to the Court that she "would like" this particular form of partial knee replacement with customized implants, she has provided no evidence that partial knee replacements performed by any other orthopedic surgeon in the area would be insufficient. Because Plaintiff has failed to show, through expert certification or otherwise, that the partial knee replacement was necessary and that she could not obtain a comparable surgery from another doctor, Plaintiff has also failed to allege that she was damaged by the Defendants' actions.

For the foregoing reasons, Defendants' Demurrer is sustained.

## B. *Plaintiff's Motion To Quash*

Virginia law provides that "A person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service, or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading on the merits." Va. Code § 8.01-277. This statute provides parties *served* with service of process the remedy of moving the Court to quash defective service. In addition, the Court notes there is nothing in the Court's file indicating that Plaintiff did not wish to proceed with service and nothing mentioned in the letter the Plaintiff sent to the Court on April 28, 2015, when she updated the Court on her financial status (as a result of the Court's allowing her to proceed *in forma pauperis*). The Plaintiff officially filed a Motion To Quash with the Court after the Defendants filed their Demurrer on May 12, 2015.

In arguing that she did not wish the Defendants to be served at the time she filed her Complaint, Plaintiff improperly relies on Va. Code § 8.01-286.1(A) for the proposition that the plaintiff is the "sole party able to serve process on Defendant(s) and, by way of such service, to commence legal action on the Defense." However, this subsection is in reference to a plaintiff's right to "notify a defendant of the commencement of the action and request that the defendant waive service of process." Va. Code § 8.01-286.1(A). Moreover, the Rules of the Supreme Court of Virginia provide that "Upon the commencement of a civil action. . . . [w]ith respect to defendants who do not appear voluntarily or file responsive pleadings or waive service or process, the *clerk* shall issue summonses . . . [which] shall be delivered by the clerk for service together as the plaintiff may direct." Rule 3:5, The Summons, Rules of the Supreme Court of Virginia.

In the instant case, there is nothing supporting Plaintiff's right to quash service of process made on an opposing party. In addition, there is nothing in the record to support Plaintiff's argument that she did not desire the clerk to commence service on the Defendants. Plaintiff alleges she informed the Court at the April 13, 2015, hearing on her petition to proceed *in forma pauperis* that she did not wish the Defendants to be served. However, the record reflects no note of this action, and Plaintiff did not mention this desire in her subsequent correspondences to the Court (after the filing of her Complaint) dated April 13, 2015, and April 28, 2015. In fact, Plaintiff did not formally request that Defendants not be served until after Defendants were served and had filed a demurrer. Therefore, Plaintiff's Motion To Quash is denied.

C. *Plaintiff's Standing To Request Legal Clarification for All Future Pro Se Plaintiffs*

At the conclusion of the August 17, 2015, hearing, Plaintiff stated to the Court that she did not intend to proceed with this case, but that she did not wish to take a nonsuit because she desired legal clarification for "all future *pro se*" plaintiffs in medical malpractice suits. In doing so, Plaintiff has requested this Court to issue an advisory opinion, providing legal advice to *pro se* plaintiffs regarding how to properly file and serve a medical malpractice lawsuit. The Court does not have the "authority to render advisory opinions, decide moot questions, or answer inquiries that are merely speculative." *Treacy v. Smithfield Foods*, 256 Va. 97, 104, 500 S.E.2d 503, 506 (1998). As Plaintiff has asked this Court to render an advisory opinion, which it is not authorized to do, Plaintiff's request is denied.

### Conclusion

For the foregoing reasons, the Court sustains with prejudice Defendants' Demurrer, denies Plaintiff's Motion To Quash, and denies Plaintiff's request for an Advisory Opinion.